UNITED STATES of America, Plaintiff–Appellee,

v.

Oscar ROMERO–RODRIGUEZ, aka Oscar Rodriguez–Romero, Defendant–Appellant.

No. 09–50261.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2011.

Filed March 18, 2011.

Antoine F. Raphael, Assistant U.S., Office of the U.S. Attorney, Riverside, CA, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Alissa Peterson, Esquire, Law Offices of Alissa Sawano Peterson, Irvine, CA, for Defendant–Appellant.

Oscar Romero–Rodriguez, pro se.

Before: PREGERSON and WARDLAW, Circuit Judges, and ZOUHARY, District Judge.*

---

* The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

**614**

MEMORANDUM \*\*

Oscar Romero–Rodriguez appeals his prison sentence of 46 months for unlawful re-entry following removal in violation of 8 U.S.C. §§ 1326(a), (b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. In calculating Romero–Rodriguez's criminal history category, the district court correctly added two points each for his 1999 and 2005 state convictions. Sentencing Guidelines § 4A1.1(b) permitted the district court to add two criminal history points "for each prior sentence of imprisonment of at least 60 days" which Romero–Rodriguez actually served. In each case, the Los Angeles County Superior Court imposed a partially suspended sentence with a term of incarceration of at least 60 days as a condition of probation. Romero–Rodriguez actually served time in jail for both convictions. Therefore, pursuant to U.S.S.G. § 4A1.1(b), the district court properly assigned two points for each conviction. *See United States v. Buzo–Zepeda,* 609 F.3d 1024, 1026 (9th Cir.2010); *United States v. Mendoza–Morales,* 347 F.3d 772, 778 (9th Cir.2003).

2. The district court also added one point for a 2008 state conviction for felony transportation of marijuana, to which Romero–Rodriguez pled *nolo contendre.* This was correct, at the time. The 2008 case was dismissed without entry of judgment, however, so the additional point is now improper. *See United States v. Guthrie,* 931 F.2d 564, 572 (9th Cir.1991). Nonetheless, this error is harmless because Romero–Rodriguez remains in the same criminal history category of V, placing him within the same guidelines sentencing range of 46 to 57 months. *See* U.S.S.G § 5A. The district court thoroughly considered the 18 U.S.C. § 3553(a) fac-

tors and sentenced Romero–Rodriguez to 46 months, the lowest end of the range. Therefore, even without the 2008 conviction, these same § 3553(a) factors would apply and the district court would have imposed the same sentence. *See Williams v. United States,* 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992); *United States v. Cruz–Gramajo,* 570 F.3d 1162, 1174 (9th Cir.2009). Romero–Rodriguez has shown no prejudice.

3. Romero–Rodriguez failed to show a likelihood that his sentence would have changed had his trial counsel objected to the calculation of his criminal history points, and therefore there is not a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.